THE STATE, Appellant, v. RUPERT SISSON and HOMER GRANGER.

Division Two, February 17, 1917.

1. **FORGERY: Counterfeiting: Trading Stamps.** Trading stamps having on them the words: "Eagle: Stamp of Value 10; Reg. in U. S. Pat. Off." do not on their face purport to be the pecuniary obligation of anybody, and the making or uttering of them does not constitute counterfeiting or forgery under Sec. 4651, R. S. 1909.

2. ———: ———: ———: **Pecuniary Obligation.** If the trading stamps bearing the word "Eagle" do not purport to be the pecuniary obligation of any one and do not of themselves constitute a pecuniary obligation of some one, an information charging forgery cannot supply these necessary elements by charging that a private company is under agreement to pay two dollars a thousand for "Eagle Trading Stamps" when presented in a certain way.

Appeal from the St. Louis City Circuit Court—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Frank W. McAllister,* Attorney-General, for the State.

*Clark & S'Renco* for respondents.

ROY, C.—Defendants were charged by information with having in their possession and with uttering certain

counterfeit and forged Eagle Trading Stamps. A demurrer to the information was sustained, and the State has appealed.

The first count of the information contains the following:

"That on or about April 28, 1915, and for many years prior thereto, David May, Moses Schoenberg, Louis D. Schoenberg, Isaac H. Lesem and H. August, executor of the estate of Joseph E. Schoenberg, deceased, were co-partners, doing business under the name and style of "Eagle Trading Stamp Company" and in the due and regular course and pursuance of such business, issued to merchants in the city of St. Louis and elsewhere, printed instruments known as 'Eagle Trading Stamps,' which were of the general tenor and effect as follows:

(Here are pasted four stamps in a row, all alike).

"That said merchants purchase said Eagle Trading Stamps from said Eagle Trading Stamp Company, and as an incentive and inducement to trade, issued said stamps to their customers in numbers proportionate to amounts of purchases by the respective customers.

"That said Eagle Trading Stamp Company promised, agreed and bound themselves to pay and for many years has paid the sum of two dollars in cash to anyone who would present to said co-partnership one thousand of said Eagle Trading Stamps, pasted in a certain paper booklet or pamphlet, which booklets or pamphlets were issued by said Eagle Trading Stamp Company and were distributed free to the public.

"That by virtue of the promises, said Eagle Trading Stamps, so executed and issued by said Eagle Trading Stamp Company, were instruments, being and purported to be the acts of said co-partners, doing business under the name and style of Eagle Trading Stamp Company, by which a pecuniary demand upon, and an obligation of said co-partners, was and purported to be created.

"That Alfred J. Manuel, Rupert Sisson, Clifford White and Homer Granger, in the city of St. Louis, Missouri, on or about the 28th day of April, 1915, unlawfully and feloniously did have in their possession and custody,

with felonious intent to cheat and defraud by uttering and passing the same as true and genuine, certain false, forged and counterfeit Eagle Trading Stamps which said trading stamps were then and there instruments purporting to be the acts of said Eagle Trading Stamp Company, by which a pecuniary demand upon, and a pecuniary obligation of, said Eagle Trading Stamp Company was created; which said false, forged and counterfeit trading stamps and instruments are of the following tenor, to-wit:

(Here are pasted four stamps in a row, all alike)

"They the said Alfred J. Manuel, Rupert Sisson, Clifford White and Homer Granger, then and there well knowing the said trading stamps to be falsely made, forged and counterfeited; against the peace and dignity of the State."

The second count charges the uttering of those stamps.

All those stamps have on them the words and figures as follows:

Eagle

Stamp of value

10

Reg. in U. S. Pat. Off.

There are no words on those stamps which, in themselves, create a pecuniary obligation on the part of any one.

The information was evidently filed under section 4651, Revised Statutes 1909, which reads as follows:

"Every person who, with intent to injure or defraud, shall falsely make, alter, forge or counterfeit any instrument or writing, being or purporting to be the act of another, by which any pecuniary demand or obligation shall be or purport to be transferred, created, increased, discharged or diminished, or by which any rights or property whatsoever shall be or purport to be transferred, conveyed, discharged, increased or in any manner affected, the falsely making, altering, forging or counterfeiting of which is not hereinbefore declared to be a forgery in some other degree, shall, on conviction, be adjudged guilty of forgery in the third degree."

Those stamps do not on their face purport to be the pecuniary obligation of anybody. They do not of themselves constitute such pecuniary obligations of any person. The information seeks to supply such necessary element of the charge by the allegation that the Eagle Trading Stamp Company is under agreement to pay two dollars a thousand for those stamps when presented in a certain way. That obligation of the Eagle Trading Stamp Company does not appear on the face of the stamps.

1 Bishop's New Criminal Law (8th Ed.), section 572, defines forgery at common law thus: "It is the false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability."

So far as we are able to discover those stamps are not the subject of forgery, either at common law or under any statute of this State.

The judgment is affirmed.

*White, C.,* concurs.

PER CURIAM:—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.